IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD GLAZEWSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14 C 7150 |
| ) | |
| THE CKB FIRM, P.C., a/k/a/ THE ) | |
| CHAET KAPLAN BAIM FIRM, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Richard Glazewski has filed suit against The CKB Firm, PC, a law firm, under the Fair Debt Collection Practices Act. Glazewski alleges that CKB filed a legal action in a judicial district in which he neither resided nor entered into the underlying contract, in violation of 15 U.S.C. § 1692i(a)(2). CKB first filed the suit, on behalf of American Express Centurion Bank, in February 2012. At that time and later relevant times, Glazewski resided in Cook County's Fifth Municipal District, which is served by the courthouse in Bridgeview, Illinois. CKB filed the suit in the First Municipal District, which is served by the Daley Center courthouse in downtown Chicago. In August 2012, the suit was dismissed pursuant to an installment payment plan agreed to by Glazewski. The order of dismissal provided that if Glazewski defaulted on the payment plan, the Bank could move to reinstate the case and enter judgment for the balance due. The order also provided that the court retained jurisdiction of the case to enforce the settlement. In May 2014, CKB, on the Bank's behalf, moved to reinstate the case and

enter judgment. The court granted the motion, reinstated the case, and entered a judgment against Glazewski.

Section 1692i, as relevant here, says that "[a]ny debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or similar legal entity—(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2). At the time CKB filed suit on the Bank's behalf, and at the time it reinstated the suit and obtained the judgment, the Seventh Circuit had interpreted this provision as permitting a suit against a Cook County consumer anywhere within the county. *See Newsom v. Freeman*, 76 F.3d 813 (7th Cir. 1996). This past July, however, the court, sitting *en banc*, overruled *Newsom*, in a case involving "township courts" in Indiana counties. *See Suesz v. Med-One Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) (en banc). The court ruled that the statutory term "judicial district or similar legal entity" is defined as "the smallest geographic area relevant to venue in the court system in which the case is filed." *Id.* at 643. Glazewski argues this means CKB was required to file and pursue its suit in the Fifth Municipal District of Cook County, not the First Municipal District.

CKB has moved to dismiss for failure to state a claim. The Court therefore accepts Glazewski's allegations as true and draws reasonable inferences in his favor. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 1010). To state a claim, Glazewski must provide "enough facts to state a claim to relief that is viable on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which in turn means that he must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant

2

is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

CKB makes three arguments: Glazewski's claim is barred by the FDCPA's one year statute of limitations, *see* 15 U.S.C. § 1692k(d); *Suesz* does not apply retroactively; and the change in the law means that CKB is entitled to the benefit of the FDCPA's "bona fide error" defense. *See* 15 U.S.C. § 1692k(c).

The timeliness of Glazewski's suit turns on the meaning of the term "brings legal action" in section 1692i(a). CKB says that it means, and means only, filing suit. This happened in 2012, and thus CKB argues that Glazewski's suit, filed in September 2014, is too late. Glazewski says the statutory term refers to any legal action taken by a debt collector in connection with a lawsuit. There is no Seventh Circuit authority, and next to no authority from other courts, regarding the interpretation of this statutory phrase. In *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507 (9th Cir. 1994), the court concluded that the filing of a writ of garnishment—to collect on a judgment obtained in an earlier suit—qualified as "bring[ing] legal action" under section 1692i(a). *Id.* at 1515. And in *Blakemore v. Pekay*, 895 F. Supp. 972 (N.D. Ill. 1995), a judge of this court concluded that filing an affidavit for a wage deduction order to collect on a previously-obtained judgment likewise constituted "bring[ing] legal action." *Id.* at 983. That is basically all there is.

The Court is not sure it would go quite as far as the Ninth Circuit did; it is less than clear that filing a writ of garnishment constitutes "bringing" legal action. But one need not go that far to address CKB's motion. Although CKB filed suit against Glazewski in 2012, the case was dismissed. If that had been the end of it, then the Court would agree that Glazewski's FDCPA case is time-barred. But in 2014, when

3

Glazewski defaulted on the parties' settlement, CKB caused the suit to be reinstated. That is close enough to the filing of a suit to constitute "bring[ing] legal action" against Glazewski within the meaning of section 1692i(a). Because Glazewski filed the present action within one year of that event, his suit is not time-barred.

CKB's second argument is that *Suesz* does not apply retroactively. That is a losing argument; the Seventh Circuit held otherwise in *Suesz* itself. *Suesz*, 757 F.3d at 649.

Finally, CKB's bona fide error argument is misplaced on a motion to dismiss for failure to state a claim. The bona fide error defense is an affirmative defense. "[A] plaintiff is not required to negate an affirmative defense . . . in his complaint." *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003); *see also Richards v. Mitcheff*, 696 F.3d 635, 637-38 (7th Cir. 2012). A court may dismiss a complaint under Rule 12(b)(6) based on an affirmative defense only "if the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (internal quotation marks omitted). The bona fide error defense requires the debt collector to "show[ ] by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. §1692k(c). Because the complaint, unsurprisingly, includes no information regarding CKB's procedures to avoid errors of this type, the Court cannot adjudicate the applicability of the defense at this juncture.

For these reasons, the Court denies defendant's motion to dismiss. The status hearing set for February 27, 2015 is vacated. Defendant is directed to answer the

4

complaint by no later than March 3, 2015.  Both sides' Rule 26(a)(1) disclosures are to be served by March 10, 2015.  The case is set for a status hearing on March 17, 2015 at 9:00 a.m. to discuss the possibility of settlement and set a discovery and pretrial schedule.  The parties are directed to discuss these matters in advance of the status hearing.  The discussion should include whether there is a reasonable and fair way, short of full-blown discovery, to get to a prompt adjudication on the merits of the bona fide error defense, which is likely to be the main bone of contention in the case.

Date:  February 15, 2015 _____
MATTHEW F. KENNELLY
United States District Judge